**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JULIA ROSE,

     Plaintiff,

v.                                                            Case No. 2:26-cv-484-KCD-KRH

ARTS BONITA, INC., CITY OF
BONITA SPRINGS, and MAUREEN
ROBERTS,

     Defendants.

_____/

## <u>ORDER</u>

At issue is Plaintiff's Motion for Leave to Serve Defendant Maureen Roberts by Alternative Means. (Doc. 15). Roberts has neither been served nor otherwise appeared. Defendants Arts Bonita, Inc. and City of Bonita Springs didn't respond to the Motion.

Plaintiff asks the Court to allow service on Roberts through Arts Bonita. According to Plaintiff, Roberts was an Arts Bonita employee whose conduct is at issue. Yet Plaintiff concedes that Roberts no longer works for Arts Bonita. A process server unsuccessfully attempted to serve Roberts at her former employer. But Arts Bonita would not accept service on her behalf. So, Plaintiff asks the Court to consider service on Arts Bonita sufficient for service on Roberts.

The Court can't do that.

In federal court, either proper service of a summons or a waiver is required. Fed. R. Civ. P. 4(c)-(d). The procedures for serving an individual—like Roberts—

are set out in Rule 4(e) (along with any incorporated state law). There is no mechanism forcing one party to accept legal process for another when those parties share no legal relationship or agency authorization. *See, e.g.*, *Doe v. Salesforce*, No. 8:24-cv-01678-SDM-NHA, 2025 WL 3682114, at *1-2 (M.D. Fla. Aug. 25, 2025) (explaining defective service on unauthorized individual).

In short, Plaintiff invites the Court to order defective service. Making matters worse, Plaintiff fails to offer any argument (factual or legal) that would support granting this unconventional relief. So the Motion fails.

That said, the Court understands that Plaintiff is attempting to serve Roberts with the ninety-day deadline fast approaching. Fed. R. Civ. P. 4(m). The service deadline expires on May 26 (i.e., the day after Memorial Day). Fed. R. Civ. P. 6(a)(1)(C) (extending deadline running over a weekend until the following business day that isn't a holiday). So liberally construing the pro se Motion and not seeing opposition, the Court sua sponte extends the service deadline by thirty days. Before that time, Plaintiff must serve Roberts.

**ORDERED**:

1. Plaintiff's Motion for Leave to Serve Defendant Maureen Roberts by Alternative Means (Doc. 15) is **DENIED**.

2. The Court **EXTENDS** the deadline for Plaintiff to serve Defendant Maureen Roberts **on or before June 25, 2026**.

In Fort Myers, Florida on May 21, 2026.

_____
Kevin R. Huguelet
United States Magistrate Judge

Copies furnished to:

Unrepresented Parties