# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

JULIA ROSE,

     Plaintiff,

v.                                 Case No. 2:26-cv-484-KCD-KRH

ARTS BONITA, INC., et al.

     Defendants.

                                   /

## <u>ORDER</u>

This matter is before the Court on Defendant Arts Bonita, Inc.'s Motion for Entry of an Order on Generative Artificial Intelligence ("AI") Use. (Doc. 48). Pro se Plaintiff Julia Rose failed to respond within the fourteen-day deadline. M.D. Fla. Local R. 3.01(d). As explained below, the Motion is granted and denied in part.

Rose brought this action over her removal from the Arts Bonita Fine Arts Festival, an exhibition held at a public park under permits from Arts Bonita and the City of Bonita Springs (the "City"). (Doc. 1). The Court later granted separate motions to dismiss filed by Art Bonita and the City, with leave to amend, and Rose filed an amended complaint. (Doc. 49; Doc. 50; Doc. 58).

The Motion traces back to an earlier stage of the case. In her response to Arts Bonita's motion to dismiss, Rose cited *Prousalis v. Bert's Bikes & Fitness*, No. 8:18-cv-1234, 2019 WL 13202785 (M.D. Fla. 2019). That case does not exist.

Once Arts Bonita caught the error, it asked Rose to join an agreed order on generative AI use. The City signed on, but Rose refused, telling counsel that as a pro se litigant she did not want to limit her own access to research and accessibility tools and promised to keep reviewing her filings for accuracy herself. (Doc. 48 ¶ 5). Given that she had just cited a case that doesn't exist, Arts Bonita says it found the promise unpersuasive. Rose eventually filed a notice withdrawing the citation, admitting only that the citation was "incorrect or unverifiable." (Doc. 47). Arts Bonita now asks the Court to enter its own order governing AI use in this case.

"[T]he Court has inherent authority to sanction the misuse of AI when it affects the Court's docket, case disposition, and ruling." *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-CV-81140, 2025 WL 1440351, at *3 (S.D. Fla. May 20, 2025). That authority applies with equal force to pro se litigants who owe the Court the same duty of candor as any represented party. *Kendrick v. Sec'y, Fla. Dep't of Corr.*, 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022).

The use of generative AI has exploded across federal dockets. While it can sometimes help, the use of AI by lawyers and nonlawyers alike can go spectacularly wrong. Struggling to keep up, courts have not treated this problem uniformly. Some have issued little more than a warning, reserving harsher measures for a future violation. *Huntington Nat'l Bank v. M/Y Something About Meri*, No. 25-61018-CIV, 2025 WL 1684109, at *3 (S.D. Fla. June 11, 2025). Other courts have dismissed the case outright, but generally only once the litigant repeated the

2

conduct, denied responsibility for it, or ignored a direct order to account for it. *O'Brien v. Flick*, No. 24-61529-CIV, 2025 WL 242924, at *5-8 (S.D. Fla. Jan. 10, 2025); *Quezaire v. Technipower Inc.*, No. 1:24-cv-3733-ELR-RDC, 2025 WL 4804039, at *3-4 (N.D. Ga. Oct. 23, 2025), *R&R adopted* 2026 WL 1712268 (N.D. Ga. Mar. 31, 2026).

Rose's conduct falls near the bottom of that range—i.e., a single hallucinated citation. Even so, a fabricated citation is never harmless since it forces the opposing party and the Court to "waste time and money in exposing the deception." *O'Brien*, 2025 WL 242924, at *6 (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 433, 448-49 (S.D.N.Y. 2023)). Once Arts Bonita flagged the problem, Rose withdrew the citation rather than defend it.

That said, the Court does not read the withdrawal as the end of the matter. Rose did not catch the error herself, and her assurance that she will personally verify her own filings going forward is the same assurance she gave before the fabricated citation surfaced. A sanction is not yet warranted, but the record supports an admonishment. This is the only warning Rose will receive for her infraction.

Rose, however, should consider this her one and only warning as it relates to AI usage without proper oversight. Rule 11 requires litigants to sign their filings—which is a certification as to the accuracy of facts or law based on a reasonable inquiry. Fed. R. Civ. P. 11(b). Relying entirely on ChatGPT, Claude, or any of the others to fact- or law-check doesn't satisfy those obligations. And the

3

sanctions buck will always stop the real human signing the filings rather than the AI interface. So going forward, Rose should be wary of AI usage as she will be held accountable for its lapses.

**ORDERED:**

1.      Defendant Arts Bonita, Inc.'s Motion for Entry of an Order on Generative Artificial Intelligence Use (Doc. 48) is **GRANTED and DENIED in part.**

2.      To the extent Arts Bonita seeks entry of an order governing all parties' use of generative artificial intelligence, the Motion is **DENIED.**

3.      To the extent Arts Bonita seeks a warning to Plaintiff regarding the accuracy of her filings, the Motion is **GRANTED**. Plaintiff is **WARNED** any future citation to nonexistent authority, a misquotation of existing authority, or a patent misrepresentation of the record—whether her own work or produced with the assistance of generative artificial intelligence—may result in a sanction under Federal Rule of Civil Procedure 11.

In Fort Myers, Florida on August 12th, 2026.

Kevin R. Huguelet
United States Magistrate Judge

4